## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| H. RICHARD WINN<br>150 East 69th Street -Apt. 29J<br>New York, NY  10021 | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :   Civil Action No._____ |
| | : <br> : |
| U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530-0001 | : <br> : <br> : <br> : |
| Defendant. | : <br> : |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §
552, as amended, and the Privacy Act of 1974, ("Privacy Act"), 5 U.S.C.  § 552(a) as
well as agency FOIA regulations, challenging the failure of the United States Department
of Justice ("Justice") to fulfill the request of Dr. H. Richard Winn for documents
concerning himself.

2.  This case seeks declaratory relief that defendant is in violation of the FOIA
and Privacy Act for failing to fulfill plaintiff's request for records, and injunctive relief
that defendant immediately and fully comply with plaintiff's request under the FOIA and
the Privacy Act.

## JURISDICTION AND VENUE

3.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA.  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.  Plaintiff H. Richard Winn ("Winn") is a citizen of New York.  Dr. Winn was investigated by the Department of Justice from 1990 to 2002 while he was the chair of the Department of Neurological Surgery at the University of Washington.

5.  Defendant Justice is an agency within the meaning of 5 U.S.C. § 552(f).  The Executive Office for United States Attorneys ("EOUSA") is a component of Justice. Defendant Justice, through its component, the EOUSA is the federal agency with possession and control of the records responsive to plaintiff's request and is responsible for fulfilling the FOIA request of H. Richard Winn.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

6.  The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7.  An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill

the request and of the requester's right to appeal the agency's determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).

8.  An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial.  5 U.S.C. § 552(a)(6)(A)(ii).

9.  In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched."  5 U.S.C. § 552(a)(6)(B).

10.  This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

11.  The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records.  Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered.  5 U.S.C. § 552(a)(4)(F).

### FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

12.  By letter sent via email dated January 5, 2018, Dr. Winn, through counsel, submitted a FOIA/Privacy Act request to the EOUSA seeking copies of all records concerning himself.  Dr. Winn specifically sought all records maintained by the United States Attorneys Office for the Western District of Washington where he was the subject

of a federal investigation from 1990 to 2002 while he was the Chair of the Department of Neurological Surgery at the University of Washington.

13.  Via email dated January 23, 2018, the EOUSA acknowledged plaintiff's request and assigned it tracking number EOUSA-2018-001673.

14.  By letter dated January 23, 2018, plaintiff provided the EOUSA additional variations of plaintiff's name in which they should conduct their search for responsive records.  Plaintiff additionally provided the obituaries of Dr. Gregory Folz and Dr. Albert Basil Harris, former associates of plaintiff who should appear in the responsive records but are now deceased.

15.  Plaintiff has not received any further communications nor any records pursuant to his request as of the date of this complaint.

### PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
**(Failure to Conduct an Adequate Search)**

16.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

17.  Plaintiff submitted a request that reasonably described the records sought and was made in accordance with Justice's published rules.

18.  In response, defendant has failed to conduct a search reasonably calculated to uncover all responsive agency records.

19.  Therefore, defendant has violated the FOIA's mandate to search for responsive records.  5 U.S.C. §552(a)(3)(D).

20.  Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

## CLAIM TWO
### (Failure to Produce Records Under the FOIA)

21.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

22.  Plaintiff properly asked for records within defendant's control.

23.  Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant make an explicit and justified statutory exemption claim.

24.  Defendant has not produced all the records responsive to plaintiff's FOIA request.

25.  Therefore, defendant has violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested.  5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1)  Declare that defendant has violated the FOIA by failing to conduct an adequate search for records responsive to plaintiff's FOIA request;

(2)  Order the defendant to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's request;

(3)  Declare that the defendant has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA request;

(4)  Order the defendant to release all records responsive to plaintiff's FOIA request;

(5)  Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6)  Grant such other and further relief as the Court may deem just and proper.

Dated: October 29, 2018

Respectfully submitted,

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C.  20015
Phone (301) 404-0502
Fax (413) 641-2833


Attorney for Plaintiff